PETER McLAREN, plaintiff in error, *vs.* OSBORNE A. LOCHRANE, defendant in error.

There was no such abuse of the discretion of the court in granting a new trial in this case as to justify this court in reversing the judgment.

New trial. Before Judge STROZER. Dougherty Superior Court. April Adjourned Term, 1873.

Lochrane brought complaint against McLaren on an account for $500 00, for professional services rendered. The record fails to disclose any plea. The evidence was substantially as follows:

Richard F. Lyon, sworn for plaintiff: Some time in the year 1869, or earlier, the defendant called on witness and the plaintiff in Macon, representing that he was involved in certain litigation in Dougherty county, in which he desired to employ them as counsel; that he wished them to accompany him to the city of Albany on the next day, when, if the case was settled, and no further services were required of them, he would pay to each $250 00; that if further labor was required, the amount of compensation was to be fixed by subsequent agreement. Upon this contract, witness and plaintiff went to Albany on the next day with the defendant, but shortly after their arrival at that point, plaintiff was compelled on account of indisposition to retire to his room, where he remained during the entire day and night. The whole of the day and a large portion of the night were occupied in an attempt to settle the litigation. In all propositions that were made, as to which witness and defendant had any doubt, they went to plaintiff's room and there conferred with him. No other service than these consultations was rendered by plaintiff. No settlement was effected. The litigation referred to grew out of a bill filed by Eugenia Beall against defendant as administrator of Davis Pace, deceased. The services performed by plaintiff, considering the amount and nature of the litigation, were worth $250 00.

Peter McLaren, the defendant, sworn: Employed plaintiff and Mr. Lyon as the administrator of the estate of Davis Pace, and not individually. The contract, with this modification, was correctly stated by the witness for the plaintiff. Corroborates plaintiff's evidence as to the nature and amount of the services rendered, but not as to their value.

John A. Davis, for defendant, sworn: He assisted in the effort to bring about a settlement of the litigation above referred to. Plaintiff rendered no service that he saw. Mr. Lyon did all the work. To do the labor that was expected of plaintiff, he would consider $250 00 a reasonable fee.

Gilbert J. Wright, for defendant, sworn: Was counsel for Mrs. Beall in the litigation above referred to. Was inti-

Bright *et al. vs.* Adams *et al.*

mately connected with all the negotiations that were made for a settlement at the time referred to in the evidence. Plaintiff rendered no service to defendant that he saw. Mr. Lyon did all the work. The litigation involved about $28,000 00.

The jury found for the plaintiff $20 00. He moved for a new trial, because the verdict was contrary to the evidence. The motion was sustained, and defendant excepted.

WRIGHT & WARREN, for plaintiff in error.

LYON & IRVIN, for defendant.

McCAY, Judge.

This case turns solely on the evidence, and we think the verdict is justified by it. Who shall say that Judge Lochrane's presence at Albany, and his advice, when consulted at his sick room, was not as effective and useful to the defendant as if he had with his own hand done the necessary writing, and with his own mouth joined in the negotiations?

Judgment affirmed.